UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Christine Scheideger | ) | CASE NO: 5:25CV01432 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Tuscarawas County Job & Family Services, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Christine Scheideger filed this civil rights action under 42 U.S.C. § 1983 against the following: Tuscarawas County Job and Family Services ("JFS"); Malissa Canterero, Tuscarawas County JFS case worker; Heather Miller, Tuscarawas County JFS social services worker; Judge Linda A. Kate, Tuscarawas County Court of Common Pleas Probate/Juvenile Division; Magistrate Karen Quinlan, Tuscarawas County Court of Common Pleas Probate/Juvenile Division; Captain Detective Adam Fisher, Tuscarawas County Sheriff's Office; the State of Ohio; the State of Texas; John Doe, Williamson County Sheriff's Department, Texas; Texas Department of Family Services; Jane Doe, Texas Department of Family Services initial case worker; and Washington State Department of Children, Youth & Families. (Doc. No. 1). Plaintiff's complaint concerns the custody of her four minor children and the termination of Plaintiff's parental rights. Plaintiff also filed an emergency motion for temporary restraining order and preliminary injunction (Doc. No. 3).

Additionally, Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2), which the Court grants.

## I. Background

According to the complaint, "a case was opened" against her and her ex-husband in June 2017 following an incident wherein Plaintiff's son was injured. Plaintiff states that her son sustained a broken arm and was treated at a hospital. Thereafter, Child Protective Services began an investigation. Following court proceedings in Tuscarawas County, Plaintiff's four children were removed from the home, and ultimately, Plaintiff's parental rights were terminated. (*See* Doc. No. 1-17 at 2). Plaintiff indicates that one child was adopted and two of the children resided in foster homes. (Doc. Nos. 1-2, 1-3, 1-4, 1-5, and 1-6). Plaintiff also states that in 2020, after the Tuscarawas County cases concluded, she moved to Washington while pregnant with her fifth child. Plaintiff claims that the newborn child was placed in the temporary care of a relative after the hospital received an "alert" from Ohio "containing false and defamatory allegations," and the CPS in Washington initiated an investigation. (Doc. No. 1-7). According to the complaint, this case concerning Plaintiff's fifth child is closed. (*Id.* at 3).

Plaintiff appears to allege that all defendants have engaged in misconduct in connection with her state court cases. She alleges that she and her family have been subjected to "a pattern of unconstitutional investigation, removal, and separation without probable cause by CPS agencies and their agents"; the Tuscarawas County defendants removed Plaintiff's four minor children from the home without probable cause, exigent circumstances, or a fair hearing; no family placement was considered in the Tuscarawas County cases; Plaintiff was denied visitation; and Plaintiff's rights were terminated

2

without just cause. (Doc. No. 1). Plaintiff alleges such conduct violated her rights under the First, Fourth, and Fourteenth Amendments.

Plaintiff asks the Court to reverse the custody determinations of the Tuscarawas County Court and grant immediate and unconditional access to her children. Plaintiff also asks for a formal apology, a federal investigation into the practices of the Tuscarawas County Child Protective Services, and an order preventing future CPS interference with her fifth child. Finally, Plaintiff requests compensatory relief.

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, her complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Plaintiff's complaint attaches several exhibits in support of her allegations. "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Court will, therefore, consider Plaintiff's exhibits. *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 292 (6th Cir. 2015) ("The federal rules treat [exhibits attached to the complaint] as part of the pleadings.")

### III. Discussion

To the extent Plaintiff is challenging the state courts' orders and asking this Court to vacate the state court judgments against her and enter judgment in her favor, the *Rooker-Feldman* doctrine bars this Court's consideration of her claims.

4

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury is the Tuscarawas County Court's decision terminating Plaintiff's parental rights of her four minor children and the

5

Washington state court's decision to temporarily intervene in Plaintiff's custody of her fifth child. Plaintiff asks the Court to reverse the custody determinations of the Tuscarawas County Court and grant immediate and unconditional access to her children, and she asks the Court to prevent any future intervention with her fifth child. To grant Plaintiff the relief she requests, the Court would have to vacate the judgments of the state courts. Pursuant to *Rooker-Feldman*, this Court lacks subject matter jurisdiction to do so.

Additionally, to the extent Plaintiff seeks to relitigate the issues already decided in the state court proceedings in the federal courts in the hope of obtaining a different result, her claims are barred by *res judicata*.

The term "res judicata" literally means "a matter [already] judged." *Res Judicata*, BLACK'S LAW DICTIONARY (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Here, Plaintiff asks this Court to make a determination on her parental rights. This issue has been previously decided by the state courts. *Res judicata* therefore bars Plaintiff from relitigating her parental rights in federal court. This Court must give full faith and credit to the judgment of the state courts.

Moreover, even if this Court had jurisdiction over Plaintiff's claims, Judge Kate and Magistrate Quinlan are immune from suit. It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was made in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, Plaintiff gives no indication that Judge Kate and Magistrate Quinlan were acting in any capacity other than that of a judicial officer when the conduct alleged in the complaint occurred. Further, Plaintiff appears to object to decisions that the judge and magistrate made in connection with the Tuscarawas County Court custody proceedings.

7

Decisions concerning pending motions and pretrial and trial proceedings are all actions typically performed by judicial officers in state court matters. Plaintiff has therefore not established that these judicial officers acted clearly outside of the subject matter jurisdiction of the court over which they preside. Judge Kate and Magistrate Quinlan are therefore absolutely immune from damages in this action.

### IV. Conclusion

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), DENIES Plaintiff's emergency motion for temporary restraining order and preliminary injunction (Doc. No. 3), and DISMISSES the action pursuant to 28 U.S.C. §1915(e).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

July 21, 2025  　　　　　　　　　　　　　　　*/s/ John R. Adams*
　　　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

8